UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| BROWN RUDNICK LLP,<br>        Plaintiff,<br><br>        v.<br><br>UNETIXS VASCULAR, INC.,<br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

C.A. No. 19-570-JJM-LDA

## ORDER

Plaintiff seeks to have a judgment from the United Kingdom recognized and enforced in this country against the Defendant. Because there is no dispute that Plaintiff has satisfied the four-prong test for recognizing and enforcing a foreign-country judgment, the Court GRANTS Plaintiff's Motion for Summary Judgment. ECF No. 20.

## FACTS

The law firm of Brown Rudnick LLP entered into an Engagement Agreement ("Agreement") for legal services with MCH Realty, LLC. Defendant Unetixs Vascular, Inc. ("Unetixs") signed that Agreement as a guarantor. The Agreement contained a provision agreeing to "the exclusive jurisdiction of the High Court of Justice, The Strand, London, England." ECF No. 20-3 at 3.

Brown Rudnick performed the services, and MCH Realty did not pay. Brown Rudnick then sought payment from the guarantor, Unetixs. Brown Rudnick sued Unetixs in Rhode Island Superior Court. ECF No. 20-4. Unetixs moved to dismiss the complaint, asserting the exclusive jurisdiction provision of the Agreement. ECF

No. 20-5.  Brown Rudnick agreed, dismissed the lawsuit without prejudice (ECF No. 20-6), and refiled the complaint in the High Court of Justice, Queen's Bench Division in the United Kingdom.  ECF Nos. 20-7 and 20-8.  Brown Rudnick served Unetixs at its corporate headquarters in North Kingstown, Rhode Island.  ECF Nos. 20-9 and 20-10.  Unetixs did not respond to the lawsuit and therefore defaulted. Brown Rudnick sought and received a judgment from the United Kingdom court for $284,009.07.  ECF No. 20-2.  Brown Rudnick now seeks to recognize and enforce that judgment in Rhode Island.  After the parties completed discovery, Brown Rudnick moved for summary judgment.  ECF No. 20.  Unetixs objects.  ECF No. 25.

STANDARD OF REVIEW

When making a summary judgment determination, the court must review the entire record and consider the facts and inferences in the light most favorable to the nonmoving party.  *Cont'l Cas. Co. v. Canadian Univ. Ins. Co.*, 924 F.2d 370, 373 (1st Cir. 1991).  Federal Rule of Civil Procedure 56(a) dictates that summary judgment should be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  A genuine dispute of material fact is an issue that "may reasonably be resolved in favor of either party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

"Genuine issues of material fact are not the stuff of an opposing party's dreams. On issues where the nonmovant bears the ultimate burden of proof, he must present definite, competent evidence to rebut the motion."  *Mesnick v. Gen. Elec. Co.*, 950 F.2d 816, 822 (1st Cir. 1991) (citing *Anderson*, 477 U.S. at 256–57; *Garside v. Osco*

2

*Drug, Inc.*, 895 F.2d 46, 48 (1st Cir. 1990)).  Summary judgment evidence "cannot be conjectural or problematic; it must have substance in the sense that it limns differing versions of the truth which a factfinder must resolve at an ensuing trial." *Mack v. Great Atl. & Pac. Tea Co.*, 871 F.2d 179, 181 (1st Cir. 1989).

ANALYSIS

The parties agree that Rhode Island law governs this dispute. *See* ECF Nos. 20-1 at 5 and 25-1 at 2. Moreover, they both agree that *Hilton v. Guyot*, a case from the United States Supreme Court in 1895, governs the determination of whether a court should recognize and enforce a foreign-country judgment.[1] *Hilton v. Guyot*, 159 U.S. 113 (1895). In *Hilton*, the United States Supreme Court set forth the criteria for recognizing a foreign-country judgment:

> When an action is brought in a court of this country, by a citizen of a foreign country against one of our own citizens, to recover a sum of money adjudged by a court of that country to be due from the defendant to the plaintiff, and the foreign judgment appears to have been rendered by a competent court, having jurisdiction of the cause and of the parties, and upon due allegations and proofs, and opportunity to defend against them, and its proceedings are according to the course of a civilized jurisprudence, and are stated in a clear and formal record, the judgment is prima facie evidence, at least, of the truth of the matter adjudged; and it should be held conclusive upon the merits tried in the foreign court, unless some special ground is shown for impeaching the judgment, as by showing that it was affected by fraud or prejudice, or that by the principles of international law, and by the comity of our own country, it should not be given full credit and effect.

*Hilton*, 159 U.S. at 205-06.

---

[1] Rhode Island has not adopted the Uniform Foreign-Country Money Judgments Act, and therefore this Court must follow the standard set forth by the United States Supreme Court in *Hilton*.

The *Hilton* ruling sets forth a four-prong test for a movant to assert a prima facie case for recognition and enforcement of a foreign-country judgment:

    1. The rendering court had jurisdiction over the person and subject matter;

    2. There was timely notice and an opportunity to present a defense;

    3. There was no fraud involved; and

    4. The proceedings were conducted according to a civilized jurisprudence.

*Id.*

Unetixs concedes the 3rd and 4th prongs and challenges only the first two.

*1. Jurisdiction*

Unetixs alleges that the court in the United Kingdom does not have personal jurisdiction over it. Brown Rudnick asserts that the Agreement granting exclusive jurisdiction to the court in the United Kingdom controls and signifies that Unetixs consented to jurisdiction in the United Kingdom. *See, e.g., Inso Corp. v. Dekotec Handelsges, mbH*, 999 F. Supp. 165, 166 (D. Mass. 1998).

Unetixs signed the Agreement that grants exclusive jurisdiction to the United Kingdom court. Unetixs has therefore consented to the personal jurisdiction of that court. *Id.* To hold otherwise would make the Agreement illusory. Having successfully invoked the exclusive jurisdiction clause of the Agreement to get the enforcement action dismissed in the Rhode Island state court, Unetixs now seeks to make themselves judgment-proof by denying Plaintiff the right to enforce the Agreement in the agreed-to jurisdiction.

The doctrine of judicial estoppel—or preclusion of inconsistent positions—applies here. "In broad outline, the doctrine precludes a party from asserting a position in one legal proceeding which is contrary to a position it has already asserted in another." *Patriot Cinemas, Inc. v. Gen. Cinemas Corp.*, 834 F.2d 208, 212 (1st Cir. 1987). "Judicial estoppel should be employed when a litigant is 'playing fast and loose with the courts,' and when 'intentional self-contradiction is being used as a means of obtaining unfair advantage in a forum provided for suitors seeking justice.'" *Patriot Cinemas*, 834 F.2d at 212 (citing *Scarano v. Central R. Co.*, 203 F.2d 510, 513 (3d Cir. 1953)). Unetixs is "playing fast and loose" with the courts in that it is trying to disavow the position it took in Rhode Island state court that this matter belonged in the courts of the United Kingdom. The court in the United Kingdom had personal jurisdiction over Unetixs because Unetixs assented to such jurisdiction.

### 2. *Notice*

Unetixs claims that the service by Brown Rudnick of the United Kingdom lawsuit was not proper. Citing Fed. R. Civ. P. 4(h), Unetixs claims that Brown Rudnick did not serve "an officer" or "a managing or general agent" of the corporation, even though the Federal Express tracking information shows that it addressed service to "Neeraji Jha," the secretary and CEO of Unetixs. Unetixs alleges that because someone else at the company signed for it, service was improper. Brown Rudnick asserts that it fulfilled the *Hilton* requirement of timely notice by sending

the "Claim and Particulars" to Unetixs at its corporate headquarters, and it submits proof that it was properly delivered.[2] *See* ECF No. 20-10.

There is no dispute that "there was timely notice" of the lawsuit to Unetixs when the lawsuit, addressed to the Secretary and CEO, was received at its place of business.

## CONCLUSION

Avoiding payment for over three years, judgment day for Unetixs is finally here. There is no legal or factual dispute that Brown Rudnick has a valid and enforceable judgment against Unetixs. The Court GRANTS summary judgment to Brown Rudnick LLP. ECF No. 20.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
Chief Judge
United States District Court

October 14, 2020

---

[2] The United Kingdom court issued an order permitting Brown Rudnick to serve the "complaint" upon Unetixs at its business address. ECF No. 28-1.